UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES CRAFT,<br><br>Petitioner,<br><br>v.<br><br>WARDEN B. BIRKHOLZ of Federal<br>Prison Camp Duluth, MN,<br><br>Respondent. | Case No. 21-CV-1917 (MJD/JFD)<br><br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on Charles Craft's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet. 2, Dkt. No. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Mr. Craft does not allege in his habeas petition that he is being detained unlawfully, or that the projected date of his release has been calculated incorrectly, or anything else attacking the legality of the fact or the duration of his confinement. Instead, he challenges the refusal of the Bureau of Prisons ("BOP") to transfer him to home confinement. (*Id.*) Transfer to home confinement would not shorten Mr. Craft's sentence, it would only change his conditions of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021). Because conditions of confinement are not appropriately raised in a habeas corpus proceeding, the undersigned recommends that the Court dismiss Mr. Craft's Petition. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

I.   BACKGROUND

Charles Craft is currently serving a prison sentence in the Federal Prison Camp in Duluth ("FPC Duluth") (Pet. 1; Resp. Pet. 1, Dkt. No. 9). His anticipated release date is March 18, 2025. (Resp. Pet. 2.) Mr. Craft's sentencing court, the United States District Court for the Southern District of Indiana, previously denied Mr. Craft's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Bildtsen Decl. Ex. A, Dkt. No. 11-1.) Mr. Craft's current petition challenges the BOP's decision to not allow him to transfer to home confinement under the CARES Act. (Pet. at 2.)

The CARES Act allowed the Attorney General to expand the cohort of inmates who were eligible for home confinement if the Attorney General found that the COVID-19 pandemic was "materially affecting the functioning" of the BOP. (Winger Decl. Ex. B, at 1, Dkt. No. 10-2.) In determining whether an inmate was a candidate for home confinement, BOP staff considered several factors, including the inmate's discipline history, verifiable release plan, prior offenses, PATTERN[1] recidivism risk score, security level, and vulnerability to COVID-19 infection. (Winger Decl. Ex. C, at 1–2, Dkt. No. 10-3.) They also considered whether the inmate had served 50% or more of their sentence[2], whether they had any detainers, and whether they had a history of violence or gang activity in prison. (*Id.*)

---

[1] PATTERN (Prisoner Assessment Tool Targeting Estimated Risks and Needs) is a recidivism prediction tool which categorizes offenders as minimum risk, low risk, medium risk, or high risk. *PATTERN Risk Assessment*, Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/pattern.jsp (last visited Oct. 11, 2022).

[2] Or had 18 months or less remaining on the sentence and had served 25% of it.

According to Mr. Craft, he is qualified to serve the balance of his sentence on home confinement because he meets "all the eligibility requirements for release under the CARES ACT," has a minimum PATTERN score, has served more than half his sentence, and has a viable release plan on file with the BOP. (Pet. 3, 7–9.) Mr. Craft alleges that "FPC-Duluth [s]taff" denied him transfer to home confinement on July 19, 2021 because they believed he had not served half his sentence. (*Id.* at 4.) Mr. Craft reports that he challenged this denial to the BOP Regional Office two days later. (*Id.*) Three days after that, an Office representative reportedly conceded that Mr. Craft had completed more than half of his sentence and Mr. Craft discussed a "possible history item" with the representative. (*Id.* at 4) Mr. Craft claims that on August 11, 2021, Staff Counselor Hachey told him that "all looks favorable," presumably meaning favorable for his transfer to home confinement. (*Id.*) But he was not transferred.

In contrast, Respondent claims that FPC Duluth asked the BOP's Central Office Committee to consider Mr. Craft for home confinement in August 2020 and after considering Mr. Craft's criminal history, the Committee declined to transfer him to home confinement. (Resp. Pet. 7–8.) According to Respondent, the Committee cited an incident described in Mr. Craft's presentence investigation report where Mr. Craft allegedly fired two shots at the ground during a dispute with his neighbor. (*Id.* at 7.) Local prosecutors charged Mr. Craft with Criminal Recklessness but dismissed the case after the United States District Court for the Southern District of Indiana imposed his current sentence. (Resp. Pet. 7; Pet. 2.) Based on this incident, and the fact that Mr. Craft had "a significant number of prior arrests and convictions expunged from his record," the Committee

3

declined to transfer Mr. Craft to home confinement. (Resp. Pet. 7–8.) In June 2021, after Mr. Craft completed 50% of his sentence, the Committee reportedly reconsidered Mr. Craft's request but denied it, again citing public safety concerns. (Resp. Pet. at 8.)

## II.     ANALYSIS

The first issue—and in this case the only issue—before the Court is whether it has jurisdiction to review the BOP's decision to deny Mr. Craft's request to serve the remainder of his sentence on home confinement. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Kern v. Fikes*, No. 21-CV-2211 (WMW/LIB), 2022 WL 2959973, at *2 (D. Minn. June 16, 2022), *R. & R. adopted*, 2022 WL 2953933 (July 26, 2022) (beginning its analysis with the same inquiry). Whether the Court can review the BOP's decision hinges on whether Mr. Craft is challenging the fact and duration of his confinement or is only challenging the conditions under which he will serve his confinement.

The distinction between a challenge to confinement itself, versus a challenge to conditions of confinement, is important because Mr. Craft brings his claim as a Section 2241 habeas petition (Pet. 1). In the Eighth Circuit, a Section 2241 habeas petition cannot challenge conditions of confinement, only the length or validity of the confinement itself. *Spencer v. Haynes*, 774 F.3d 467, 468 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996); *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) ("When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims.").

Mr. Craft asks to be allowed to serve the remainder of his sentence on home confinement. (Pet. 3.) Given how large the difference is between confinement at home compared to confinement in a correctional facility, it is understandable that Mr. Craft regards home confinement as a release from confinement. But it is not. Home confinement is not the end of confinement, but a transfer to another place of confinement. It is a change in the *conditions* of confinement. An inmate on home confinement is still serving a sentence and is in confinement while doing so. *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (describing home confinement as a "place of imprisonment" under 18 U.S.C. § 3624); *Kern*, 2022 WL 2959973, at *4 ("The Courts of this District, and the Eighth Circuit Court of Appeals, have consistently discussed home confinement . . . as [a] place[] of confinement, incarceration, and imprisonment.").

The Court does not have jurisdiction to dictate to the Bureau of Prisons where inmates serve their sentence, because the Bureau of Prisons, not the courts, has the authority to change a prisoner's place of confinement. *Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 1922568, at *2 (D. Minn. Aug. 16, 2022) ("Courts in this District have continually held that the BOP has exclusive authority to determine the placement of prisoners."); *see also* 18 U.S.C. § 3621 ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); 18 U.S.C. § 3624(c)(2) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621."). Thus, the power to determine the location of Mr. Craft's confinement is with the BOP, and this Court does not have jurisdiction to review the BOP's

decision.³ *Houck*, 2 F.4th at 1085 ("Because these statutes give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement under § 3624(c)(2).").

When the U.S. District Court for the Southern District of Indiana denied Mr. Craft's motion for compassionate release, it noted that Mr. Craft would be eligible for a substantial sentence reduction in January 2022, when new good-time credit calculations would take effect. (Bildtsen Ex. A 10, Dkt. No. 11-1.) The court concluded that, "[t]o the extent Mr. Craft intended to challenge the BOP's calculation of his good-time credits and, thus, his sentence[,] . . . such a challenge must be raised via a petition for a writ of habeas corpus under 28 U.S.C § 2241 in his district of confinement[.]" (*Id.*) But the petition Mr. Craft filed in this court does not challenge the calculation of his good-time credits *as a challenge to the duration of his sentence*. It instead challenges the calculation of his good-time credits *as they apply to the BOP's determination that he has completed more than half his sentence*, a factor the BOP considers when evaluating prisoners for home confinement. *Cf. Kern,* 2022 WL 2959973, at *3 ("Petitioner's argument . . . lack[s] any attack on the fact or duration of his confinement. Instead, Petitioner attacks his classification designation because it allegedly precludes his desired change in the conditions of his confinement:

---

³ As explained in *Machipiness v. Birkholz*, Courts can still review BOP decisions to determine if they violate federal law, violate the Constitution, or go beyond their statutory authority. No. 21-CV-1668 (JRT/ECW), 2021 WL 8363203, at *6 n.7 (D. Minn. Dec. 6, 2021), *R. & R. adopted*, 2022 WL 1284772 (Apr. 29, 2022). Here, Mr. Craft alleges that the BOP's determination not to transfer him to home confinement was incorrect, not that it was unlawful.

transfer to home confinement.) The Court could review the BOP's calculation of good time credits as they apply to the fact or duration of Mr. Craft's confinement, but it cannot review the BOP's refusal to transfer him to home confinement. The former is a proper subject of a Section 2241 motion; the latter is not.

### III. CONCLUSION

Because the Court does not have jurisdiction to review the BOP's placement decisions, it cannot evaluate the merits of Mr. Craft's claims.[4]

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Mr. Craft's petition be **DENIED** without prejudice and that judgment be entered accordingly.

Date: October 20, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

---

[4] District of Minnesota courts liberally construe prisoner filings and allow petitioners to convert their habeas petitions into civil rights suits where appropriate. *Spencer*, 774 F.3d at 471. But the Court would still lack jurisdiction to review Mr. Craft's claims in a civil rights suit. *See Mills v. Starr*, No. CV 21-1335 (SRN/BRT), 2022 WL 4084178, at *6 n.10 (D. Minn. Aug. 17, 2022), *R. & R. adopted*, No. 21-CV-1335 (SRN/BRT), 2022 WL 4080750 (D. Minn. Sept. 6, 2022) ("Moreover, much of Mills's Petition challenges the BOP's discretionary decision to transfer her to home confinement under the CARES Act, which, as noted above, is unreviewable (and would remain unreviewable in a civil rights action")). Thus, the Court recommends dismissal without prejudice.

7

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).